UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIUT ESTRADA BELLOW, et. al., | Case No.  2:26-cv-1662-TMC |
| Petitioners, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are eight noncitizens between the ages of 22 and 39 years old, originating from Mexico, Guatemala, and El Salvador, who entered the United States without inspection and were recently apprehended by Department of Homeland Security officials. Dkt. 1 ¶¶ 4–20; Dkts. 4-1, 4-2, 4-3, 4-4, 4-5, 4-6, 4-7, 4-8. Some have lived in this country for more than a decade and have spouses or children who are U.S. citizens. *Id*. Most have no criminal history — two have convictions for Driving Under the Influence and one has been charged with domestic assault. *Id*. They are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington, pending the outcome of removal proceedings. *Id*.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Only one, Petitioner Mariano Castro-Orellana, has had a bond hearing before an Immigration Judge ("IJ").[1]

On May 14, 2026, an IJ found that he lacked jurisdiction over Petitioner Castro-Orellana's bond hearing and that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 1 ¶ 18; Dkt. 4-7 at 9–10. But in the alternative, the IJ found that if he had jurisdiction to consider Petitioner's request, he would grant him a $5,000 bond. *Id.*

On May 15, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a).[2] Dkt. 1 ¶¶ 35–39. On May 19, Federal Respondents filed a return to the habeas petition. Dkt. 8. On May 21, Petitioners filed a traverse. Dkt. 9. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

---

[1] Respondents state that Petitioner Jose Gomez Ruiz had a bond hearing scheduled for May 21, 2026, *see* Dkt. 8 at 3, n.3, but neither party has informed the Court whether the hearing occurred or what was the result.

[2] In addition to this petition, Petitioners Eliut Estrada Bellow and Juan Mederos-Jardon each filed separate pro se habeas petitions: *Estrada Bello v. ICE Field Office Dir.*, No. 2:26-cv-01616-DGE and *Mederos Jardon v. ICE Field Office Dir.*, No. 2:26-cv-01637-DGE. Mederos-Jardon voluntarily dismissed his petition on May 20, 2026, *see* 2:26-cv-01637-DGE at Dkt. 6, and Estrada Bellow has agreed to dismiss his pro se petition as well. Dkt. 9 at 1, n.1.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

### III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 4–20. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 8 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

2.     Within ONE day of this Order, Respondents must either release Petitioner Mariano Castro-Orellana or allow his release upon payment of the alternative bond amount of $5,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3.     Within fourteen days of receiving Petitioner Eliut Estrada Bellow's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4.     Within fourteen days of receiving Petitioner Roberto Vielman-Chajon's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.     Within fourteen days of receiving Petitioner Javier Murguia-Salomon's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6.     Within fourteen days of receiving Petitioner Juan Mederos-Jardon's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7.     Within fourteen days of receiving Petitioner Laureano Gonzalez-Gonzalez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

8.     Within fourteen days of receiving Petitioner Gilberto Herrera Pompa's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

9.     Within fourteen days of receiving Petitioner Jose Gomez Ruiz's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

10.     Upon the release of any Petitioner, Respondents must return to the Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

11.     Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Dated this 22nd day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5